UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHAD S. WILLIAMS,

        Plaintiff,

   v.                                                                        24-CV-6321-LJV
                                                                              DECISION & ORDER
SHERIFF TODD K. BAXTER, et al.,

        Defendants.
_____


_____

CHAD S. WILLIAMS,

        Plaintiff,

   v.                                                                        24-CV-555-LJV
                                                                              DECISION & ORDER
TODD K. BAXTER, et al.,

        Defendants.
_____

      The plaintiff, Chad S. Williams, is a prisoner confined at the Attica Correctional Facility. He has filed multiple complaints in this Court related to various criminal prosecutions against him in Monroe and Genesee Counties and the conditions of his confinement at the Monroe County Jail and the Attica Correctional Facility. *See Williams v. Hon. Warrant Issuing Judge*, Case No. 16-cv-115 (W.D.N.Y. Feb. 10, 2016) (the "first action"); *Williams v. Baxter*, Case No. 24-cv-6321 (W.D.N.Y. May 22, 2024) (the "second action"); *Williams v. Baxter*, Case No. 24-cv-555 (W.D.N.Y. June 11, 2024) (the "third action"). Williams is proceeding *pro se* in the second and third actions but is represented by counsel in the first action.

Williams has moved *pro se* to consolidate the three cases.[1]  *See Williams*, Case No. 24-cv-6321, Docket Item 6 (W.D.N.Y. Aug. 5, 2024); *Williams*, Case No. 24-cv-555, Docket Item 6 (W.D.N.Y. Aug. 5, 2024).  For the reasons that follow, his motions to consolidate are granted to the extent they seek consolidation of the second and third actions but denied to the extent they seek consolidation of those cases with the first action.

## PROCEDURAL BACKGROUND

Williams filed the first action in 2016, asserting various claims under 42 U.S.C. § 1983; he later added other section 1983 claims based on subsequent events.  *See Williams*, Case No. 16-cv-115, Docket Item 153 at 1-2 (W.D.N.Y. Jan. 25, 2024) (this Court's summarizing that case's procedural history and the claims involved).  In January 2024, this Court adopted the Report and Recommendation of United States Magistrate Judge H. Kenneth Schroeder, Jr., to grant in part the defendants' motion for partial judgment on the pleadings.  *Id.* at 3.  More specifically, this Court (1) dismissed Williams's supervisory liability and failure to protect claims against two defendants related to a 2019 assault at the Monroe County Jail without prejudice to Williams's filing a third amended complaint, and (2) dismissed all other claims with prejudice.  *Id.*  Williams, through counsel, since has filed a third amended complaint in the first action; the defendants have filed motions for summary judgment and to dismiss; and those

---

[1] Williams filed motions to consolidate only in the two cases in which he is proceeding *pro se*, but the motions seek consolidation of all three cases.  *See Williams*, Case No. 24-cv-6321, Docket Item 6 (W.D.N.Y. Aug. 5, 2024); *Williams*, Case No. 24-cv-555, Docket Item 6 (W.D.N.Y. Aug. 5, 2024).

motions are pending before this Court.  *See id.*, Docket Item 155 (W.D.N.Y. Feb. 22, 2024) (third amended complaint); *id.*, Docket Item 158 (W.D.N.Y. Mar. 25, 2024) (motion for summary judgment); *id.*, Docket Item 159 (W.D.N.Y. Mar. 25, 2024) (motion to dismiss).

Williams filed the second and third actions on May 22, 2024, and June 11, 2024, respectively.  *See Williams*, Case No. 24-cv-6321, Docket Item 1 (W.D.N.Y. May 22, 2024); *Williams*, Case No. 24-cv-555, Docket Item 1 (W.D.N.Y. June 11, 2024).  The two actions raise virtually identical claims, except that in the third action, Williams adds five additional claims—the thirteenth through seventeenth—against five additional defendants.  *See Williams*, Case No. 24-cv-6321, Docket Item 1 at 5-22; *Williams*, Case No. 24-cv-555, Docket Item 1 at 6-30.  Williams's claims in the second and third actions generally relate to a series of incidents in 2023 and 2024 that occurred during his criminal proceedings and detention at the Monroe County Jail and the Attica Correctional Facility.  *See Williams*, Case No. 24-cv-6321, Docket Item 1; *Williams*, Case No. 24-cv-555, Docket Item 1.

The complaints in both the second and third actions currently await screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## **DISCUSSION**

When actions "involve . . . common question[s] of law or fact," the Court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  "In deciding whether consolidation is appropriate, . . . courts are vested with broad but not unfettered discretion." *Ruane v. County of Suffolk*, 923 F. Supp. 2d 454, 461 (E.D.N.Y. 2013) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281,

3

1284-85 (2d Cir.1990)). "In exercising its discretion, '[the] court should consider both equity and judicial economy.'" *Id.* (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir.1999)).

The second and third actions clearly involve such common questions; indeed, the complaint in the third action repeats the allegations in the complaint in the second action and simply adds five new claims against five new defendants. *See Williams*, Case No. 24-cv-6321, Docket Item 1; *Williams*, Case No. 24-cv-555, Docket Item 1. The Court therefore grants Williams's motions to consolidate to the extent that they seek the consolidation of the second and third actions.

But the same analysis does not apply with respect to the first action. To be sure, there is some connection between Williams's claims in the first action, on the one hand, and those in the second and third actions, on the other: For instance, Williams's complaints in the second and third actions allege that he was "gang assault[ed]" at the Monroe County Jail in "retaliation for" his filing the first action. *See Williams*, Case No. 24-cv-555, Docket Item 1 at 6; *Williams*, Case No. 24-cv-6321, Docket Item 1 at 5. But the second and third actions generally involve incidents that occurred long after the 2019 assault that is the basis for Williams's claims in the first action. *Compare Williams*, Case No. 24-cv-6321, Docket Item 1, *and Williams*, Case No. 24-cv-555, Docket Item 1, *with Williams*, Case No. 16-cv-115, Docket Items 153 and 155. Further, the first action is much closer to conclusion than the second and third actions, and consolidation would needlessly delay the disposition of the first action. *See Envirco Corp. v. Clestra Cleanroom, Inc.*, 2002 WL 31115664, at *3 (N.D.N.Y. Sept. 24, 2002) (denying motion to consolidate where cases were at different stages and consolidating "would create

4

unnecessary delay"). Thus, consolidation of the first action with the second and third actions would not serve the interests of either "equity" or "judicial economy," *Ruane*, 923 F. Supp. 2d at 461, and so the Court declines to exercise its discretion to consolidate the actions, *see* Fed. R. Civ. P. 42(a).

## **CONCLUSION**

For the reasons explained above, Williams's motions to consolidate are GRANTED to the extent that they seek consolidation of the second and third actions, Case No. 24-cv-6321 and Case No. 24-cv-555. But those motions are DENIED to the extent they seek to consolidate the second and third actions with the first action, Case No. 16-cv-115.

The second and third actions are consolidated as Case No. 24-cv-555, and the complaint in the third action is deemed as the amended—and operative—complaint in that consolidated action. The Clerk of the Court shall consolidate Case No. 24-cv-6321 and Case No. 24-cv-555 under Case No. 24-cv-555 and close Case No. 24-cv-6321. All further docketing shall occur in Case No. 24-cv-555.

SO ORDERED.

Dated: November 25, 2024
       Buffalo, New York

                                 */s/ Lawrence J. Vilardo*
                                 LAWRENCE J. VILARDO
                                 UNITED STATES DISTRICT JUDGE